

David K. Tellekson (*pro hac vice*)
dtellekson@darbylaw.com
Mark P. Walters (*pro hac vice*)
mwalters@darbylaw.com
DARBY & DARBY, P.C.
1191 Second Avenue, Ste. 2000
Seattle, WA  98101
Telephone:  (206) 262-8900
Facsimile:  (206) 262-8901

Jonathan Hangartner (CSB No. 196268)
jon@x-patents.com
X-PATENTS, APC
5670 La Jolla Blvd.
La Jolla, CA  92037
Telephone:  (858) 454-4313
Facsimile:  (858) 454-4314

*Attorneys for Plaintiff*
*SureFire, LLC*

Thomas N. FitzGibbon (CSB No. 169194)
TNF@ptflaw.com
PFEIFFER, THIGPEN, AND
FITZGIBBON LLP
233 Wilshire Boulevard, Ste. 220
Santa Monica, CA  90401
Telephone:  (310) 451-5800
Facsimile:  (310) 451-1599

*Attorneys for Defendant*
*Advanced Armament Corp.*

**Darby & Darby P.C.**
1191 Second Avenue
Seattle, Washington 98101

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

SUREFIRE, LLC, a California limited
liability company,

Plaintiff,

v.

ADVANCED ARMAMENT CORP.,
a Georgia corporation,

Defendant.

Case No. SA CV 08-1405 DOC (RNBx)
Assigned to Hon. David O. Carter

~~[PROPOSED]~~ **STIPULATED
PROTECTIVE ORDER**

1

2
Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the

3
stipulation of the parties hereto, the Court hereby enters the following Protective

4
Order:

5
   1.      This Protective Order shall apply to all documents, information, or other

6

7
things subject to discovery in this action ("Discovery Material") that contain

8
proprietary, confidential or commercially sensitive information not known to the

9
general public, comprising or containing trade secrets or other confidential research

10

11
and development, know-how, financial results or that a Producing Party is under an

12
obligation to a third party to maintain as confidential, as well as deposition testimony

13
and other information designated as either "CONFIDENTIAL" or

14
"CONFIDENTIAL OUTSIDE COUNSEL ONLY."  As used herein, "Producing

15
Party" shall refer to the Parties to this action or Third Parties who disclose information

16
in this action.  "Receiving Party" shall refer to the Parties to this action who receive

17

18
Discovery Material from a Producing Party.

19
   2.      Any party or other person producing or disclosing Discovery Material

20
may designate it as set forth herein as (a) "CONFIDENTIAL" or (b)

21

22
"CONFIDENTIAL OUTSIDE COUNSEL ONLY" subject to this Protective Order

23
if it contains confidential, proprietary or commercially sensitive information, market-

24
sensitive information and/or trade secrets.

25

26

27

28

**Darby & Darby P.C.**
1191 Second Avenue
Seattle, Washington 98101

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

3.     In the absence of written permission from the Producing Party, Discovery Material designated as either "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY":

(a)     Shall be protected from disclosure as specified herein, unless the Producing Party so states in writing, or a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected or should be subject to an alternative designation.

(b)     Shall be used only for purposes of this litigation.

(c)     Shall not be used in connection with the prosecution of any patent application (whether original, continuation, or reissue) by a Receiving Party, nor shall it be used in connection with any other proceeding before the U.S. Patent and Trademark Office ("PTO") except by further order of the Court or the written consent of the Producing Party in a signed writing.  Should the disclosure of discovery material trigger a duty to disclose information to the PTO under 37 C.F.R. § 1.56, written consent of the Producing Party shall not be unreasonably withheld.

4.     The Producing Party may designate documents or other tangible Discovery Materials by placing the following legend or similar legend on the document or thing:  "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY":

**Darby & Darby P.C.**
1191 Second Avenue
Seattle, Washington 98101

-2-                    **[PROPOSED] STIPULATED PROTECTIVE ORDER**

(a)    In the event that original documents are produced for inspection, the Producing Party may designate such documents by placing the appropriate legend on the documents in the copying process;

(b)    Written discovery may be designated by placing the following legend on every page of any such document prior to production:  "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY."

(c)    All information disclosed during a deposition shall be deemed CONFIDENTIAL OUTSIDE COUNSEL ONLY on a provisional basis until the time within which it may be designated as CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY has passed.  Any party or third party may designate any specific passages of the transcript as CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY in writing within ten days after receipt of the final version of the transcript.  Any testimony not so designated within ten days after receipt of the final version of the transcript may be treated as non-confidential.  No party or third party can preserve confidentiality of the deposition by a blanket designation of confidentiality that does not differentiate between confidential and non-confidential portions of the transcript.

5.    A Producing Party may designate material as CONFIDENTIAL if the material is proprietary or commercially sensitive information.  Discovery Material designated as "CONFIDENTIAL" may be disclosed to:

**Darby & Darby P.C.**
1191 Second Avenue
Seattle, Washington 98101

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

(a)     The outside attorneys working on this action on behalf of any party, including paralegals, and clerical employees working under the direct supervision of such counsel;

(b)     Any person not employed by or affiliated with a party who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work;

(c)     The following party representatives, two per side, and their respective secretarial, clerical and paralegal personnel, but only after compliance with the provisions of paragraph 7 below:

SureFire, LLC:

1.     Barry Dueck

2.     Loreen Collins

Advanced Armament Corp.:

1.     Kevin Brittingham

2.     Robert Silvers

(d)     Court reporters and videographers retained to record testimony taken in depositions;

(e)     The Court, jury, and court personnel; and

**Darby & Darby P.C.**
1191 Second Avenue
Seattle, Washington 98101

-4-     [PROPOSED] STIPULATED PROTECTIVE ORDER

(f)     Independent stenographic, clerical, secretarial, photocopying, scanning, indexing, paralegal, data entry, data processing, drafting, graphics or design services and trial consulting services retained by a Party.

6.      Any "CONFIDENTIAL" information which a Producing Party believes is extremely sensitive in nature and thus should not be disclosed to a director, officer, employee, or consultant of any other party may be designated by the Producing Party at the time of disclosure of such information as "CONFIDENTIAL OUTSIDE COUNSEL ONLY."  The parties contemplate that "CONFIDENTIAL OUTSIDE COUNSEL ONLY" material shall consist of or include particularly sensitive technical information relating to research, development, marketing, manufacture and production of products; technical, business and research information regarding products; highly sensitive financial information and marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, customer quotations; any pending or abandoned patent applications, foreign or domestic, as well as such other documents, information, materials or things that relate to other proprietary information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) that the Producing Party reasonably believes is of such nature and character that disclosure of such information would be harmful to the Producing Party.  Discovery Material designated as "CONFIDENTIAL OUTSIDE COUNSEL ONLY" may be disclosed only to:

**Darby & Darby P.C.**
1191 Second Avenue
Seattle, Washington 98101

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

(a)     The outside attorneys working on this action on behalf of any party, paralegals and clerical employees of the outside counsel's firm working under the direct supervision of such counsel;

(b)     Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 6(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work;

(c)     Court reporters and videographers retained to record testimony taken in depositions;

(d)     The Court, jury, and court personnel;

(e)     Independent stenographic, clerical, secretarial, photocopying, scanning, indexing, paralegal, data entry, data processing, drafting, graphics or design services and trial consulting services retained by a Party; and

(f)     Any other person with the prior written consent of the Producing Party or Third Party.

7.     The persons receiving "CONFIDENTIAL" information or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" information, other than the Court, jury, or court personnel, are enjoined from disclosing it to any other person, except in conformance with this Order.  Each individual who receives any "CONFIDENTIAL" information or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" information, other than the Court, jury, or court personnel, hereby agrees to

**Darby & Darby P.C.**
1191 Second Avenue
Seattle, Washington 98101

-6-

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

(a)     Before counsel may disclose confidential material to any person described in Paragraphs 5(b-c) and (f) and/or 6(b) and (f) above, such counsel shall require the person to whom the disclosure is to be made to read a copy of this Protective Order and sign the form annexed hereto as Exhibit "A."  Counsel disclosing confidential material to a person required to execute a copy of the form annexed as Exhibit "A" shall maintain the originals of such form(s); and

(b)     Counsel who makes confidential material available to persons set forth in Paragraphs 5(a-c) and/or (f) and/or 6(a-c) above shall be responsible for limiting distribution thereof to those persons authorized under this Protective Order and such counsel shall be prepared to account for the disposition and use of these materials to those persons.  All copies of confidential material disclosed shall be subject to the same restrictions imposed herein on original materials.  Any person having access to confidential material pursuant to Paragraphs 5 (e-f) and/or 6 (e-f) above whose participation in this litigation has been terminated or otherwise concluded shall return all confidential material as soon as practicably possible thereafter to the receiving party's counsel of record herein, but in no event longer than thirty (30) days after the termination or conclusion of the participation.

**Darby & Darby P.C.**
1191 Second Avenue
Seattle, Washington 98101

-7-

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

8.      If any receiving party intends to disclose any confidential material to any person described in Paragraphs 5(b) and/or 6(b), the receiving party intending to disclose such confidential material shall notify counsel for such Producing Party in writing, at least ten (10) business days before any such disclosure is made, of the identity of each such person and if an employee, their job responsibilities.  If the receiving party intends to disclose any confidential material to a potential or actual expert witness in this case, the receiving party shall include such expert's curriculum vitae with its notification to the Producing Party.  If the Producing Party objects to such disclosure, it shall notify the receiving party intending to disclose the confidential material in writing of its objection(s) prior to the date on which the disclosure is intended to be made.  Should the party intending to make the disclosure disagree with the basis for the objection(s), the parties must first attempt to resolve the objections informally.  If the informal efforts do not resolve the dispute within five (5) days, the party intending to disclose may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed. Any such motion filed under this section shall be in strict compliance with Local Rules 37-1 and 37-2 (including the joint Stipulation Requirement). The party intending to disclose shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency vel non of the objection(s).  Pending a ruling by the Court upon any such objection(s), the Discovery Material shall not be disclosed to any person objected to by such Producing Party.

**Darby & Darby P.C.**
1191 Second Avenue
Seattle, Washington 98101

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

9. To the extent that any Discovery Material is used in the taking of depositions, all such Discovery Material shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the confidential information. If confidential information is used in any deposition, the reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order in substantially the same form as follows below:

> This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties.

10. The parties agree to be bound by the terms of this Protective Order with respect to any Third Party that produces confidential information in this lawsuit provided that such Third Party agrees in writing to be bound by the terms of this Protective Order. A party that seeks confidential information from a Third Party shall provide with any subpoena or other governmental process directed to that Third Party requesting such information a copy of this Protective Order and written notice informing the Third Party that it may take advantage of the protections afforded by this Protective Order. An inadvertent failure to provide a copy of this Protective Order shall not constitute a breach of this provision.

Darby & Darby P.C.
1191 Second Avenue
Seattle, Washington 98101

[PROPOSED] STIPULATED PROTECTIVE ORDER

11.     The recipients of CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY information that is provided under this Order and all material that derives therefrom shall maintain such information in a safe and secure area and all reasonable precautions shall be taken with respect to the storage, custody, use and/or dissemination of such information.  Any CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY information that is copied, reproduced, summarized, or abstracted shall be subject to the terms of this Order.

12.     Filing Under Seal - Local Rule 79-5 Applies

(a)     In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Confidential Outside Counsel Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

(b)     If, through inadvertence or otherwise, any Confidential or Confidential Confidential Outside Counsel Only document is filed with the Court without the appropriate notice, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of

**Darby & Darby P.C.**
1191 Second Avenue
Seattle, Washington 98101

-10-                              **[PROPOSED] STIPULATED PROTECTIVE ORDER**

counsel for all parties and to the Court, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure.

(c)     Nothing contained in this Protective Order shall be construed to prejudice any party's right to use Discovery Material at any hearing in this litigation or at the trial of this litigation or any appeal therefrom, provided that the party desiring to use the Discovery Material gives reasonable advance notice of the intent to use the Discovery Material.  The confidentiality of such materials shall be protected as determined and directed by the court.

13.     None of the provisions of this Protective Order shall apply to the following categories of documents and information and either party may apply to remove the restrictions set forth herein based upon a showing that information designated CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY had been:

(a)     available to the public at the time of its production hereunder;

(b)     available to the public after the time of its production through no unauthorized act, or failure to act, on behalf of the receiving party, its counsel, representatives or experts;

(c)     known to such receiving party or known to have been independently developed by such receiving party prior to its production herein or without use or benefit of the information;

**Darby & Darby P.C.**
1191 Second Avenue
Seattle, Washington 98101

-11-

**Darby & Darby P.C.**
1191 Second Avenue
Seattle, Washington 98101

(d)    obtained outside of this action by such receiving party from the Producing Party without having been designated and CONFIDENTIAL and/or CONFIDENTIAL OUTSIDE COUNSEL ONLY, provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

(e)    obtained by such receiving party after the time of disclosure hereunder from a non-party having the right to disclose the same; or

(f)    previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any non-party without an obligation of confidentiality.

Any application to the Court or motion seeking to remove designations filed under this section shall be in strict compliance with Local Rules 37-1 and 37-2 (including the joint Stipulation Requirement).

14.    The inadvertent production of documents subject to the attorney client privilege or the attorney work-product privilege will not waive the attorney client privilege or the attorney work-product privilege, absent an express order by the Court to the contrary.  In the event that a producing party inadvertently or unintentionally produces a document that otherwise is not discoverable for reasons of the attorney-client privilege, work product immunity, or other privilege, doctrine, or immunity, such party shall promptly give written notice to the requesting party upon discovering such inadvertent disclosure.  Immediately upon receiving such notice, outside counsel for the receiving party shall sequester all identified information, including any and all copies, in its offices until the matter is resolved

Darby & Darby P.C.
1191 Second Avenue
Seattle, Washington 98101

either by agreement of the parties or by Court order.  If the parties are unable to reach a satisfactory agreement as to the return, destruction, or use of such documents within fourteen (14) days of such notice, the receiving party may, within that time period, request that the Court resolve the matter.  If the receiving party does not make such a motion, it shall return such document and all copies to the producing party. Any such motion filed under this section shall be in strict compliance with Local Rules 37-1 and 37-2 (including the joint Stipulation Requirement).  The period of time that elapses while a party follows the procedures set forth in this paragraph for resolving any inadvertent disclosure dispute shall not be considered as a factor in deciding whether a party's delay in attending to the inadvertent disclosure was reasonable under the circumstances.

Nothing herein shall preclude the receiving party from challenging the privilege or immunity claimed by the disclosing party regarding the inadvertently produced document or information, and the receiving party may use the inadvertently produced document or information that is claimed to be privileged or work product in a submission to the Court, filed under seal, when challenging the privilege or immunity claimed by the disclosing party.

15.    The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY shall not be a waiver of such designation provided that the party who fails to make such designation informs the receiving party that such Discovery Material is   CONFIDENTIAL or

CONFIDENTIAL OUTSIDE COUNSEL ONLY within ten (10) days from when the failure to designate first became known to the Producing Party.  The Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate.  Once the receiving party has been informed of the inadvertent failure to designate pursuant to this provision, the receiving party shall treat such Discovery Material thereafter pursuant to the terms of this Order.

16.    In the event of a disclosure of any Discovery Material designated CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY to a person or persons not authorized to such access under this Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

17.    As soon as practicably possible following the termination of this litigation, including any appeals, the parties shall deliver all materials produced by an opposing party designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" to their respective outside counsel in this case.  Not later than thirty (30) days after the final disposition of this litigation, all confidential material shall be returned to

Darby & Darby P.C.
1191 Second Avenue
Seattle, Washington 98101

[PROPOSED] STIPULATED PROTECTIVE ORDER

the Producing Party or, in alternative, with the written consent of the producing Party, destroyed.  The party receiving any Discovery Material shall certify in writing that all confidential material, including confidential material disclosed pursuant to paragraphs 4, 5 and 6 has been returned or destroyed.

18.     Any party may object in writing to the designation by the Producing Party of any material as CONFIDENTIAL and/or CONFIDENTIAL OUTSIDE COUNSEL ONLY material, specifying the material to which the objection is addressed.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures.

(a)     The objecting party shall have the burden of conferring either in person, in writing or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute;

(b)     Failing agreement, the objecting party may bring a noticed motion to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such status and protection. Any such motion filed under this section shall be in strict compliance with Local Rules 37-1 and 37-2 (including the joint Stipulation Requirement).  This Court shall determine any unresolved disputes using the same standards as if the Producing Party had applied for a protective order under the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, and related law.

Darby & Darby P.C.
1191 Second Avenue
Seattle, Washington 98101

Notwithstanding any challenge to a designation, all material so designated shall be treated as such and shall be subject to the provisions hereof until one of the following occurs:  (a) the party who designated the material as CONFIDENTIAL and/or CONFIDENTIAL OUTSIDE COUNSEL ONLY withdraws such designation in writing, or (b) the Court rules that the Discovery Material is not entitled to the designation.

19.   This stipulation is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this Order is not believed by such party to be adequate.  Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter may not be discovered at all.

20.   If at any time the Discovery Material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to object to the production of confidential materials.  If the Producing Party does not move for a protective order within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena, such Discovery Material in response thereto.  Nothing in this order shall be construed as providing authorization

**Darby & Darby P.C.**
1191 Second Avenue
Seattle, Washington 98101

to disobey a lawfully issued subpoena in another action (e.g., if the return date is less than ten days from the date written notice is given).

21.     Nothing in this Order shall preclude any party to the lawsuit or its attorneys (a) from showing a document designated as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY" to an individual who either prepared or reviewed the document prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, its own information or documents designated by that same party as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL ONLY."

22.     The parties agree that the terms of this Order shall survive and remain in effect after the termination of the above-captioned matter.  The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

23.     This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained experts, and the persons or organizations over which they have direct control.

24.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any documents, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in this action or any other proceeding.  Counsel for a Producing Party may redact specific material that the Producing Party believes, in good faith, is subject to the

Darby & Darby P.C.
1191 Second Avenue
Seattle, Washington 98101

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

attorney-client privilege, work-product immunity or other legally cognizable privilege or

immunity.  The deletion of all material redacted shall be clearly indicated by visibly

marking the document where material has been deleted with the word "REDACTED"

or a solid black line.

IT IS SO ORDERED this 25th day of August , 2009.

_____

HON. ROBERT N. BLOCK
Magistrate Judge, United States District Court

Presented by:

s/ Jonathan Hangartner
Jonathan Hangartner (CSB No. 196268)
X-PATENTS, APC
5670 La Jolla Blvd.
La Jolla, CA  92037
Telephone:  (858) 454-4313
Facsimile:  (858) 454-4314
Email:     jon@x-patents.com

*Attorneys for Plaintiff*
*SureFire, LLC*

**Darby & Darby P.C.**
1191 Second Avenue
Seattle, Washington 98101

s/ David K. Tellekson

David K. Tellekson *(pro hac vice)*

Mark P. Walters *(pro hac vice)*

DARBY & DARBY, P.C.

1191 Second Avenue, Suite 2000

Seattle, WA  98101

Telephone:  (206) 262-8900

Facsimile:  (206) 262-8901

E-mail:    dtellekson@darbylaw.com
    mwalters@darbylaw.com

Thomas N. FitzGibbon (CSB No. 169194)

PFEIFFER, THIGPEN, AND FITZGIBBON LLP

233 Wilshire Boulevard, Ste. 220

Santa Monica, CA  90401

Telephone:  (310) 451-5800

Facsimile:  (310) 451-1599

E-mail:    TNF@ptflaw.com

*Attorneys for Defendant*
*Advanced Armament Corp.*

[PROPOSED] STIPULATED PROTECTIVE ORDER

# **EXHIBIT A**

I, _____, acknowledge and declare that I have

received a copy of the Protective Order ("Order") in <u>SureFire, LLC v. Advanced

Armament Corp.,</u> United States District Court, Central District of California, Civil Case

No. SA CV 08-1405 DOC (RNBx).  Having read and understood the terms of the

Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of

said Court for the purpose of any proceeding to enforce the terms of the Order.


Dated:_____          _____

                                        [Signature]


                                        _____

                                        [Print Name]

**Darby & Darby P.C.**
1191 Second Avenue
Seattle, Washington 98101

**[PROPOSED] STIPULATED PROTECTIVE ORDER**